08-5367-cv
Ragusa v. Malverne Union Free School District

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of June, two thousand ten.

PRESENT:  REENA RAGGI,
                    PETER W. HALL,
                                *Circuit Judges.*[*]

------------------------------------------------------------------

BILJANA RAGUSA,
                    *Plaintiff-Appellant*,

                    v.                                                            No. 08-5367-cv

MALVERNE UNION FREE SCHOOL DISTRICT,
MALVERNE UNION FREE SCHOOL DISTRICT
BOARD OF EDU, MARY ELLEN FREELEY,
SUPERINTENDENT OF SCHOOLS,
                    *Defendants-Appellees*.

------------------------------------------------------------------

APPEARING FOR APPELLANT:        LOUIS D. STOBER, JR., Garden City, New York.

APPEARING FOR APPELLEES:        MELISSA L. HOLTZER (Brian S. Sokoloff, *on the brief*), Sokoloff Stern LLP, Westbury, New York.

---

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

Appeal from the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 3, 2008, is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings.

Biljana Ragusa, formerly a mathematics teacher in the Malverne Union Free School District, appeals from a grant of summary judgment in favor of the school district, its board, and its former superintendent (collectively, "defendants") on her claims of discrimination and retaliation on the basis of gender, age, and disability. See Ragusa v. Malverne Union Free Sch. Dist., 582 F. Supp. 2d 326 (E.D.N.Y. 2008). Specifically, Ragusa challenges that part of the summary judgment award dismissing her claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., based on the district court's determination that she failed to adduce sufficient evidence to permit a rational factfinder to conclude that (1) she was an individual with a disability within the meaning of the ADA, (2) defendants subjected her to a hostile work environment based on disability, or (3) defendants retaliated against her for engaging in ADA-protected activity.[1] We review an award of summary judgment de

---

[1] Ragusa also contends that the district court erred by granting defendants' motion for summary judgment "without all discovery having been completed." Pl.'s Br. at 10. Reviewing the district court's conduct of discovery for abuse of discretion, see In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 102 (2d Cir. 2008), we detect none. As Ragusa concedes, the district court granted summary judgment more than seven months after deciding her motion to compel on February 19, 2008. See Ragusa v. Malverne Union Free Sch. Dist., 549 F. Supp. 2d 288, 289 (E.D.N.Y. 2008). Further, Ragusa never complained to the district court that filing her opposition to summary judgment before receiving a decision on a motion to compel prevented her from presenting any evidence or argument in support of her ADA claim. Indeed, after the grant of summary judgment, Ragusa relied on new evidence disclosed pursuant to the grant of her motion to compel in moving for reconsideration of her gender discrimination claim, but made no such argument with respect

2

novo, resolving all ambiguities and drawing all permissible factual inferences in favor of the non-moving party. See Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010). In applying this standard, we assume familiarity with the facts and procedural record, which we reference only as necessary to explain our decision.

1. Disability

Upon de novo review, we agree with the district court that Ragusa's discrimination claim failed because of insufficient evidence that she is a "qualified individual" with a "disability" within the meaning of the ADA. See 42 U.S.C. § 12112(a) (1991).[2] Ragusa asserts that surgery to remove a benign brain tumor left her impaired in the "major life activities" of seeing, hearing, speaking, and walking. See 29 C.F.R. § 1630.2(i). The evidence, however, was insufficient to support a finding of "substantial" limitation. See 42 U.S.C. § 12102(1); Colwell v. Suffolk County Police Dep't, 158 F.3d 635, 643-44 (2d Cir. 1998); 29 C.F.R. § 1630.2(j).

---

to disability. See Ragusa v. Malverne Union Free Sch. Dist., 652 F. Supp. 2d 275, 278-79 (E.D.N.Y. 2009); see also Sousa v. Roque, 578 F.3d 164, 169 n.6 (2d Cir. 2009) ("These claims were not raised before the District Court, and we do not address them here.").

[2] Although Congress amended the ADA in 2008 to expand its coverage, see Pub. L. 110-325, 112 Stat. 3553 (2008), we here apply the version of the statute in effect during the time period at issue, which ended with Ragusa's termination on June 30, 2005, see id. at 3559 (providing that ADA amendments "shall become effective on January 1, 2009"); Fernandez-Vargas v. Gonzales, 548 U.S. 30, 37 (2006) (noting "rule of general application" that statute "shall not be given retroactive effect unless such construction is required by explicit language or by necessary implication" (internal quotation marks omitted)); Becerril v. Pima County Assessor's Office, 587 F.3d 1162, 1164 (9th Cir. 2009) (holding that 2008 ADA amendments did not operate retroactively); accord Thornton v. United Parcel Serv., Inc., 587 F.3d 27, 34 n.3 (1st Cir. 2009); Fredricksen v. United Parcel Serv. Co., 581 F.3d 516, 521 n.1 (7th Cir. 2009); Lytes v. D.C. Water & Sewer Auth., 572 F.3d 936, 941 (D.C. Cir. 2009); EEOC v. Agro Distribution, LLC, 555 F.3d 462, 469 n.8 (5th Cir. 2009).

The record contains no medical evidence other than a doctor's note clearing Ragusa to return to work following her surgery. See Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 723 (2d Cir. 1994) (concluding that plaintiff failed to establish disability where, inter alia, she offered "[n]o medical proof"). Nor does Ragusa's own testimony establish the requisite substantial limitation. While Ragusa explained that the surgery caused her to lose the hearing in her left ear, she also stated that a "bone anchored hearing aid" compensated for this deficit. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 482 (1999) (permitting consideration of corrective measures in determining whether impairment substantially limits major life activity), superseded by 42 U.S.C. § 12102(4)(E)(i) (2008). With respect to vision, the record contains no evidence as to the severity of Ragusa's impairment. Ragusa testified that her inability to blink her left eye caused her to experience painful infections and to require vision-blurring eye drops several times an hour, but she acknowledged that in 2004 or 2005, she began using a medication that eliminated the need for eye drops. Similarly, with respect to walking, Ragusa testified that she fell down several times between her surgery and her termination, once spraining her knee, but she offered specific evidence about only two falls. As to the knee sprain, which occurred in the street, Ragusa acknowledged that she had crossed the street in question without incident more than a hundred times during the 2004-05 school year, and that she did not know what caused her to fall. As to the second fall, she testified that someone pushed her. Finally, with respect to speaking, Ragusa testified only that she feared that others would be unable to understand her. No evidence indicated that others had such difficulty. On this record, no reasonable factfinder could identify the requisite substantial limitation.

4

We likewise agree with the district court that Ragusa failed to raise a jury question as to whether defendants regarded her as disabled. See 42 U.S.C. § 12102(3). Under the original statute, it was "not enough . . . that the employer regarded [the plaintiff] as somehow disabled; rather, the plaintiff must show that the employer regarded [her] as . . . having an impairment that substantially limited a major life activity." Colwell v. Suffolk County Police Dep't, 158 F.3d at 646 (internal citation omitted), superseded by 42 U.S.C. § 12102(3)(A) (2008). Ragusa has not made the required showing. She points to evaluations critical of her teaching performance, but these demonstrate that defendants regarded her as ineffective, not disabled. Our de novo review of the record reveals only one instance in which an evaluator referenced Ragusa's alleged disability: in response to Ragusa's claim that "[her] disability ma[de] it difficult to hear the students," the evaluator suggested asking students to repeat themselves or moving closer to them. Rather than regarding Ragusa as substantially limited, the evaluator appears to have regarded her difficulty as easily accommodated. Nor is Ragusa's allegation that principal Glenda Good-Potter stated that Ragusa had "changed" following her surgery sufficient to demonstrate that Good-Potter regarded her as substantially limited in any major life activity.

Because we conclude that Ragusa failed to adduce evidence sufficient to establish that she was a qualified individual with a disability, we affirm the grant of summary judgment with respect to her ADA discrimination claim.[3]

---

[3] Assuming arguendo that Ragusa's putative hostile work environment claim is properly before us, and without deciding whether such a claim is available under the ADA, we note that Ragusa's failure to demonstrate that she is a qualified individual would defeat any such claim. Cf. Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 241 (2d Cir. 2007) (observing that to prove hostile work environment under Age Discrimination in Employment

5

2. <u>Retaliation</u>

To make out a <u>prima facie</u> claim of retaliation,[4] Ragusa must show that (1) she engaged in ADA-protected activity (2) of which defendants were aware, (3) she was subjected to an adverse employment action, and (4) a causal connection existed between the adverse employment action and her protected activity. <u>See</u> <u>Treglia v. Town of Manlius</u>, 313 F.3d 713, 719 (2d Cir. 2002). Defendants then must proffer a non-discriminatory rationale for the challenged action, whereupon the burden shifts back to Ragusa to show that defendants' rationale is pretextual. <u>See</u> <u>id.</u> at 721.

Upon <u>de novo</u> review, we agree with the district court that, while the temporal proximity between Ragusa's termination and her attorney's contacts with defendants satisfies the causation element of her <u>prima facie</u> case, it is insufficient to create a question of fact as to whether defendants' proffered non-retaliatory rationale for terminating Ragusa, <u>i.e.</u>, her poor performance as documented in twenty-five detailed classroom evaluations, was pretextual. Accordingly, we reject Ragusa's challenge to the award of summary judgment on her claim of retaliatory termination.

Ragusa contends that the district court nevertheless erred by not considering her allegation that defendants' retaliation was manifested by evidence that they subjected her to employment conditions more difficult than those under which she had previously worked.

---

Act, 29 U.S.C. § 621 <u>et seq.</u>, "plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class" (internal quotation marks omitted)).

[4] Ragusa need not be disabled within the meaning of the ADA to pursue her retaliation claim, provided she can demonstrate "a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." <u>Sarno v. Douglas Elliman-Gibbons & Ives, Inc.</u>, 183 F.3d 155, 159 (2d Cir. 1999).

6

Specifically, Ragusa alleges that in response to her 2003-05 requests that she be permitted to teach in a single classroom, defendants not only denied those requests, requiring Ragusa in 2004-05 to teach four subjects in four different classrooms, but assigned her to teach a sixth-grade class that (1) was located in a separate building across the street, (2) fell outside Ragusa's certification, and (3) included numerous special education students requiring close supervision.[5]

While Ragusa's complaint might have been clearer in articulating this theory of retaliation, we conclude that it was sufficient to place defendants on notice that she intended to pursue such an argument. See Compl. ¶ 49 ("Defendants ignored Ragusa's repeated requests for a reasonable accommodation, and instead actively created a more challenging and dangerous work environment for her . . . ." (emphasis added)). Further, in opposing defendants' summary judgment motion, Ragusa indicated that she viewed her termination as the culmination, not the entirety, of defendants' retaliation. See Pl.'s Mem. Opp. Summ. J. at 17 ("When Ragusa requested accommodations for her disability, the Defendants began a systematic program of retaliating against her for her request, which climaxed after Ragusa's lawyer contacted the District on her behalf.").

Ragusa's verbal requests that defendants accommodate her asserted disability satisfy the first two elements of the prima facie test for retaliation, see Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 149 (2d Cir. 2002), and the temporal proximity between

_____

[5] Insofar as Ragusa alleges that defendants retaliated against her by refusing her requests to (1) receive a new schedule upon her February 2003 return to school, (2) teach in a single classroom during the 2003-04 school year, and (3) assume a departing teacher's schedule in January 2004, those actions are properly construed as failures to accommodate, i.e., discrimination, not retaliation.

7

Ragusa's requests and her receipt of the 2004-05 sixth-grade assignment is sufficient to permit an inference of causation, see Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998). Thus, we examine whether that assignment could be found to constitute an adverse employment action, mindful that the key inquiry is whether the effect of defendants' decision was "materially adverse," i.e., "'harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" Hicks v. Baines, 593 F.3d 159, 165 (2d Cir. 2010) (quoting Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 69 (2006)) (analyzing retaliation claim under Title VII, 42 U.S.C. § 2000e et seq.); see also Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 223 (2d Cir. 2001) (noting that same analytical framework governs Title VII and ADA retaliation claims).

Under other circumstances, the 2004-05 sixth-grade assignment of which Ragusa complains might fall short of an adverse employment action. Construing the facts in the light most favorable to Ragusa, however, a reasonable jury could conclude that, although Ragusa was not "disabled" within the meaning of the ADA, the added challenge of the sixth-grade assignment caused her the requisite "injury or harm," Hicks v. Baines, 593 F.3d at 165 (internal quotation marks omitted), to constitute an adverse employment action, see Burlington N. & Santa Fe Ry. v. White, 548 U.S. at 69 (noting that "the significance of any given act of retaliation will often depend upon the particular circumstances," so that "an act that would be immaterial in some situations is material in others").

We further conclude that because Ragusa was not certified to teach sixth grade and the new assignment presented her with particular teaching challenges, the record is sufficient to raise a question of pretext regarding defendants' proffered rationale for her 2004-05

teaching assignment, i.e., increasing her chances of success during her third probationary year.  Construing this record in the light most favorable to Ragusa, a reasonable jury could find that defendants made the 2004-05 assignment not to enhance Ragusa's likelihood of success but to guarantee her failure.  See generally Terry v. Ashcroft, 336 F.3d 128, 140-47 (2d Cir. 2003) (holding that plaintiff raised question of pretext by adducing evidence, inter alia, that "his supervisors transferred him in order to induce him to resign").

Accordingly, we vacate that part of the summary judgment award dismissing Ragusa's retaliation claim based on her 2004-05 teaching assignment.

We have considered Ragusa's remaining arguments on appeal, and we conclude that they are without merit.  The judgment of the district court is VACATED insofar as it dismisses Ragusa's retaliation claim based on her 2004-05 teaching assignment and AFFIRMED in all other respects.  The case is REMANDED for further proceedings consistent with this decision.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court