**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2697
_____

BERT LANDER,

Appellant,

v.

ABF FREIGHT SYSTEM, INC.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-08-cv-01425)
District Judge:  Honorable Sylvia H. Rambo

Submitted under Third Circuit LAR 34.1(a)
on October 27, 2011

Before:  FISHER, VANASKIE, and ROTH, <u>Circuit Judges</u>

(Opinion filed January 25, 2012)
_____

O P I N I O N
_____

**ROTH**, <u>Circuit Judge</u>:

In his suit to enforce his rights under the Americans with Disabilities Act (ADA),

Bert Lander appeals the entry of summary judgment in favor of ABF Freight System,

Inc., including the order of the District Court  denying his third motion to extend the

discovery period. For the reasons expressed below, we will affirm the judgment of the District Court.

I. **Background**

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Lander was employed by ABF and its predecessor for 33 years, from 1973 to 2006. In November 1975, while working for ABF's predecessor, Lander suffered an on-the-job injury and underwent surgery. Since that incident Lander has suffered from several physical limitations that affect, among other things, his ability to lift. Throughout his tenure with ABF, Lander provided it with medical documentation of his physical limitations, which ABF accommodated by assigning him loads or deliveries that were physically easier to handle.

From 1995 until December 2006, Lander worked as a combination driver/dockworker. His duties included dock work, jockeying, and local driving and delivery.[1] A combination driver/dockworker must be able to push and pull carts or jacks with a weight range of 196 to 350 pounds, to pick up and deliver cargo to and from trailers, and to push or pull the carts or jacks over dock plates into and out of trailers. Thus, the "essential physical skills" of the position require repetitive lifting and carrying light, moderate, and heavy objects.

---

[1] "Jockeying" refers to work performed by a "yard jockey," a driver who moves loaded and unloaded trailers around ABF's premises.

On December 7, 2006, Dr. K. Nicholas Pandelidis, M.D., Lander's physician, imposed several work restrictions on him, including (1) no lifting over forty pounds, (2) no lifting over forty pounds repetitively, (3) occasional bending, twisting, or stopping, and (4) limited pushing or pulling up to forty pounds. Upon ABF's receipt of Dr. Pandelidis's report, Lander was informed that his medical restrictions prevented him from receiving assignments. On May 25, 2007, Dr. Pandelidis revised Lander's medical restrictions to (1) occasional lifting over 40 pounds and (2) occasional bending, twisting, or stooping. In August 2007, pursuant to an agreement between ABF and Lander's Union, Dr. Bruce E. Sicilia, M.D., examined Lander and concluded that he required work limitations and was medically restricted from lifting over fifty pounds. Based on Dr. Sicilia's determinations, a committee comprised equally of Union members and ABF representatives concluded that Lander could not return to work until he obtained a full non-restrictive medical release from his doctor. Lander never obtained the release and, thus, has not returned to work.

On July 30, 2008, Lander initiated the present litigation. In March 2009, the court entered a Case Management Order setting a discovery deadline of August 3, 2009. On July 3, Lander filed a motion for an extension of time to complete discovery. The motion was granted, and a revised discovery deadline was set for October 5. Three days before discovery was set to close, Lander filed a second motion to extend the discovery period. The court granted this motion and extended discovery by approximately two months. On December 2, two days before the close of discovery, Lander filed a third motion to extend the discovery period. The motion was denied. ABF then moved for summary

judgment, contending that Lander could not establish that he was disabled under the ADA. In response, Lander argued that the ADA Amendments Act of 2008 (ADAAA) was retroactively applicable and that he was disabled under both the ADA and ADAAA. The District Court disagreed. It concluded that the ADAAA was not retroactive and that Lander failed to establish that he was disabled under the ADA. Lander appealed.

## II. Discussion

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review *de novo* the District Court's grant of summary judgment. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765, 770 (3d Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). This determination is made by viewing the "facts in the light most favorable to the nonmoving party and draw[ing] all inferences in that party's favor." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000).

### A. Summary Judgment

#### 1. Disabled Under the ADA

Lander contends that he is disabled under the ADA because ABF regarded him as having a physical impairment that substantially limited his major life activity of lifting. We find this argument without merit. Under the ADA, "an employer is free to decide

4

that . . . some limiting, but not *substantially* limiting, impairments make individuals less than ideally suited for a job." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 490-91 (1999). When viewed in the light most favorable to Lander, the evidence demonstrates that he failed to establish that ABF believed that his physical impairment substantially limited his ability to lift. *See id.* at 489 (stating that for a plaintiff to succeed on a "regarded as" claim, he must demonstrate that his employer "mistakenly believes that a . . . nonlimiting impairment substantially limits one or more major life activities"). ABF believed Lander's ability to lift was impaired only to the extent outlined in his medical records, which contained lifting restrictions that considerably exceeded what constitutes a substantial limitation on a major life activity. *See Marinelli v. City of Erie, Pa.*, 216 F.3d 354, 364 (3d Cir. 2000) (holding that a lifting restriction of ten pounds did not constitute a physical impairment that substantially limited a major life activity); *see also Rakity v. Dillon Cos., Inc.*, 302 F.3d 1152, 1162 (10th Cir. 2002) (finding the evidence insufficient to demonstrate that the plaintiff was regarded as having an impairment that substantially limits a major life activity because his employer only regarded him as "impaired in his ability to lift . . . to the extent indicated in his medical and employment records").

### 2. *Retroactive Application of ADAAA*

Lander claims the District Court erred by not retroactively applying the ADAAA. This argument is without merit. To ascertain whether a statute is retroactively applicable, we must first "determine whether Congress has expressly prescribed the statute's proper reach." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994). If we cannot clearly decipher Congress' intent, "the court must determine whether the new statute would have

5

retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* "If applying the statute would have such a disfavored effect, then we do not apply it absent clear evidence in the legislative history that the Congress intended retroactive application." *Lytes v. D.C. Water and Sever Auth.*, 572 F.3d 936, 939-40 ( D.C. Cir. 2009) (citing *Landgraf*, 511 U.S. at 280). Here, the text of the ADAAA does not expressly prescribe that it is retroactively applicable. If we applied the statute retroactively, it would have the disfavored effect of expanding ABF's liability for past conduct. Thus, we conclude that the ADAAA is not retroactively applicable.[2]

Lander also claims that even if the ADAAA is not retroactively applicable, it nonetheless informs courts of Congress' intent behind the ADA. This argument is similarly meritless. If Congress desired to reinstate the ADA's original interpretation, it would not have delayed the implementation of the ADAAA by approximately three months. *See Lytes,* 572 F.3d at 940 ("If the Congress intended merely to 'clarify' the ADA, then its decision to delay the effective date would make no sense; it would

---

[2] All circuits that have considered this issue have uniformly concluded that the ADAAA does not apply retroactively. *See Thornton v. United Parcel Serv., Inc.,* 587 F.3d 27, 34 n. 3 (1st Cir. 2009); *Ragusa v. Malverne Union Free Sch. Dist.,* 381 F. App'x 85, 87 n. 2 (2d Cir. 2010); *EEOC v. Agro Distribution, LLC,* 555 F.3d 462, 469 n. 8 (5th Cir. 2009); *Milholland v. Sumner Cnty. Bd. of Educ.,* 569 F.3d 562, 565–67 (6th Cir. 2009); *Fredricksen v. United Parcel Serv. Co.,* 581 F.3d 516, 521 n. 1 (7th Cir. 2009); *Nyrop v. Indep. Sch. Dist. No. 11,* 616 F.3d 728, 734 n. 4 (8th Cir. 2010); *Becerril v. Pima Cnty. Assessor's Office,* 587 F.3d 1162, 1164 (9th Cir. 2009); *Lytes,* 572 F.3d at 940–42.

needlessly have left the ADA unclear for the more than three months between enactment of the ADAA[A] on September 25, 2008 and its going into effect on January 1, 2009").

**B. Motion to Extend Time**

Lander also asserts that the District Court erred by refusing to grant his request for a third extension of the discovery deadline. We review the denial of discovery motions for an abuse of discretion and "will not upset a district court's conduct of discovery procedures absent a demonstration that the court's action made it impossible to obtain crucial evidence." *Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 778 (3d Cir. 2000) (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982)). Based upon the record, we cannot conclude that the District Court abused its discretion when it denied Lander's third motion for an extension of the discovery period.

## III. <u>Conclusion</u>

For the foregoing reasons, we will affirm the judgment of the District Court.