**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

BECKY BECERRIL,
            *Plaintiff-Appellant,*

v.

PIMA COUNTY ASSESSOR'S OFFICE,
            *Defendant-Appellee.*

No. 08-17070

D.C. No.
4:04-cv-00725-JMR

OPINION

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Argued and Submitted
November 3, 2009—San Francisco, California

Filed November 25, 2009

Before: Betty B. Fletcher, William C. Canby, Jr., and
Susan P. Graber, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Richard M. Martinez (argued), Law Office of Richard M. Martinez, Tucson, Arizona, for the plaintiff-appellant.

Stacey Roseberry (argued), Pima County Attorney's Office, Tucson, Arizona, for Defendant-Appellee.

## OPINION

PER CURIAM:

Plaintiff Becky Becerril, an employee of the Pima County Assessor's Office ("Office"), appeals from an order granting summary judgment to the Office. Reviewing the order de novo, viewing the facts in the light most favorable to Becerril,

and drawing all reasonable inferences in her favor, we conclude that there is no genuine issue of material fact for trial. *See Hernandez v. Hughes Missile Sys. Co.*, 362 F.3d 564, 568 (9th Cir. 2004). We therefore affirm the district court.

Becerril, who has a temporomandibular disorder ("TMD"), worked in the Office's mobile home section until December 2003, at which time the Pima County Assessor, Richard Lyons, decided to reassign her to the Office's public service section. The record suggests that the public service section can be stressful, and that Becerril's TMD is aggravated by stress. Becerril requested a transfer out of the public service section as a reasonable accommodation under the Americans with Disabilities Act ("ADA"). Her request was denied. She currently works full-time in the Office's audit section.

After her request for a reasonable accommodation was denied, Becerril filed suit under the ADA, claiming that the Office had discriminated against her by reassigning her because of her disability and by refusing to engage in the ADA's "interactive process" after she had requested a reasonable accommodation. The district court dismissed these claims on summary judgment.

## 1. Discriminatory Reassignment Claim

**[1]** We assume without deciding that Becerril has stated a prima facie case of discriminatory reassignment under the ADA. The Office, however, has articulated several legitimate, nondiscriminatory reasons for the reassignment, and thus to survive summary judgment Becerril must raise a genuine issue of material fact as to whether those reasons are pretexts for discrimination. *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir. 2002) (en banc), *aff'd*, 539 U.S. 90 (2003).

**[2]** We conclude that Becerril has failed to raise a genuine issue of material fact on this issue. There is no evidence that Lyons reassigned Becerril because her coworkers in the pub-

lic service section complained about accommodations she received for her TMD; the complaints Lyons received were about Becerril's alleged misconduct. The fact that Lyons never publicly articulated his concerns about the alleged misconduct also fails to raise a genuine issue, for "[c]ircumstantial evidence of pretext must be specific and substantial." *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001). His failure to investigate the allegations also does not show pretext, since Lyons was concerned with the "morale problem" the allegations created and not the allegations themselves. Finally, Becerril's disbelief of Lyons's explanations for the reassignment cannot create a genuine issue of fact on pretext, because there is no evidence to substantiate her disbelief. *See Schuler v. Chronicle Broad. Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986) (purely "subjective personal judgments do not raise a genuine issue of material fact"). Consequently, the district court did not err in granting summary judgment on Becerril's discriminatory reassignment claim.

## 2. Reasonable Accommodation Claim

**[3]** To be entitled to the interactive process that leads to a reasonable accommodation, an employee must have a "disability" within the meaning of the ADA. *See* 42 U.S.C. § 12112(b)(5)(A) (2007). While the ADA recognizes three different ways in which one can have a disability, *see id.* § 12102(2)(A)-(C), Becerril claims only that she has "a physical or mental impairment that substantially limits one or more . . . major life activities," *id.* § 12102(2)(A). We conclude that Becerril has not raised a triable issue on whether her TMD substantially limits her in speaking, eating, seeing, sleeping, and thinking and concentrating.

**[4]** As an initial matter, we do not agree with Becerril that the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 ("ADAAA"), which alters the ADA's definition of "disability," applies retroactively. We do not apply statutes

retroactively "absent clear congressional intent favoring such a result." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994). The ADAAA does not show clear retroactive intent, providing instead that "[t]his Act and the amendments made by this Act *shall* become effective on January 1, 2009." ADAAA § 8, 122 Stat. at 3559 (emphasis added). Following our sister circuits, we conclude that the ADAAA does not apply retroactively. *See Lytes v. DC Water & Sewer Auth.*, 572 F.3d 936, 941 (D.C. Cir. 2009) (examining the statute and concluding that "the delayed effective date in the ADAAA . . . admits of only one explanation: The Congress intended the statute to have prospective only effect"); *accord Fredricksen v. United Parcel Serv. Co.*, 581 F.3d 516, 521 n.1 (7th Cir. 2009); *Milholland v. Sumner County Bd. of Educ.*, 569 F.3d 562, 565-67 (6th Cir. 2009); *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 469 n.8 (5th Cir. 2009).

**[5]** Becerril is not substantially limited in speaking because she is limited only in talking constantly, for a long time, and under stress. *See Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 885 (9th Cir. 2004). She is not substantially limited in eating because eating hard foods is not "of central importance to daily life," *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002), and an inability to eat hard foods is not substantially limiting. *See Frank v. United Airlines, Inc.*, 216 F.3d 845, 848, 856-57 (9th Cir. 2000). She has produced no evidence besides conclusory assertions on how her impairment substantially limits her seeing or sleeping. And though her pain and grogginess limited her thinking and concentrating at times when she was working, Becerril has not raised a genuine issue of material fact on whether her intermittent symptoms *substantially* limited her ability to think and concentrate not just at work but outside of work as well. *See Toyota Motor*, 534 U.S. at 200-01. We conclude, then, that the district court did not err by granting the Office summary judgment on Becerril's reasonable accommodation claim.

**AFFIRMED.**