**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALEDA NEAL, | No. 09-35412 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00092-BR |
| v. | |
| KRAFT FOODS GLOBAL, INC., | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the District Court of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 4, 2010
Portland, Oregon

Before: KLEINFELD, BEA, and IKUTA, Circuit Judges.

Valeda Neal ("Neal") appeals from an order granting her employer Kraft

Foods Global's ("Kraft") motion for summary judgment on the ground Neal failed

to participate in the interactive process with Kraft to ascertain whether she was

disabled and, if so, what reasonable accommodation Kraft should provide her.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

Neal has a back injury that limits her ability to sit, stand, walk, or lift over 25 pounds. After Neal's back injury in 1994 and at Neal's doctor's request, Kraft did not schedule Neal for overtime work (no more than 8 hours per day). In 2004, Kraft sought an update on Neal's physical condition and an explanation of the medical reasons Neal could not work more than 8 hours per day. On the same day, Kraft informed Neal that she should not return to work until she had a full release to work all hours needed. When Kraft did not receive the detailed explanation it requested, Kraft scheduled Neal for an Independent Medical Examination ("IME"), from which the independent doctor reaffirmed Neal's restriction from lifting over 25 pounds, but reported that with regard to overtime, it would increase her pain but not worsen her injury. When Kraft told Neal she could either return to work without an overtime restriction, arrange for a second IME at her own expense, or file for short-term disability, Neal ended discussions with Kraft and did not return to work.

Neal filed the instant action against Kraft in which she alleged Kraft violated Oregon Revised Statutes ("ORS") Chapter 659A because it failed to provide her

the "reasonable accommodation" of a "no overtime" work restriction.[1]  Kraft

moved for summary judgment on the grounds Neal was not disabled and had failed

to engage in the interactive process.  The district court granted summary judgment

on the ground Neal failed to engage in the interactive process.  *See Barnett v. U.S.*

*Air, Inc.*, 228 F.3d 1105, 1114-15 (9th Cir. 2000) (en banc) (citing *Beck v.*

*University of Wis. Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir. 1996) ("A party

that obstructs or delays the interactive process is not acting in good faith. A party

that fails to communicate, by way of initiation or response, may also be acting in

bad faith.")), *vacated on other grounds*, *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391

(2002).  The district court held there was a genuine issue of fact as to whether Neal

was disabled, that is, whether Neal was substantially limited in the major life

activities of sitting, standing, and walking.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review a grant of

summary judgment de novo.  *Lowe v. City of Monrovia*, 775 F.2d 998, 1003 (9th

Cir. 1985).  "Because we are reviewing a district court's order granting summary

judgment, we must examine the record to determine if there is any other basis for

_____

[1]  Neal filed her action in Oregon state court.  Kraft removed the action to federal court under 28 U.S.C. § 1441 on the ground the federal court would have had original diversity jurisdiction over Neal's claims had she elected to file them in federal court.

3

affirmance. If the result below were correct, we would affirm even if the district court relied on an erroneous ground." *Id*. at 1007.

We affirm the district court's grant of summary judgment in Kraft's favor, but we hold that summary judgment should have been granted on the basis that Neal failed to establish a triable issue of material fact as to whether she was disabled at the time of the relevant employment action in 2007. Under ORS 659A.104(1), a disabled person is a person with an actual physical or mental impairment which substantially limits one or more major life activities, or a person with a record of such an impairment, or a person regarded as having such an impairment. Neal claimed she was disabled due to a substantial limitation in the major life activities of sitting, standing, and walking.[2] The parties do not dispute whether Neal has a physical impairment that limits her in the major life activities of sitting, standing, and walking. The only issue is whether Neal's limitations in these activities are substantial.

---

[2] Neal does not assert, nor could she successfully claim, her limitation to lift no more than 25 pounds is a substantial limitation. *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 541 (9th Cir. 1997) (affirming summary judgment for employer on the basis plaintiff was not disabled because "a 25-pound restriction does not amount to a substantial limitation on the ability to lift [or work]."). Neal also does not claim she is substantially limited in the major life activities of working or self-care. *See* ORS 659A.104(2).

Neal's only evidence of her claimed limitation in sitting, standing, and walking is a 1994 physical evaluation that states she should limit her sitting to 6 hours out of an 8-hour work day, standing to 2 hours out of an 8-hour work day, and walking to 4 hours out of an 8-hour work day. Not one of Neal's numerous medical evaluations from the subsequent 15 years mentions any restriction on sitting, standing, or walking, and Neal testified that, while at work, she "spend[s] a lot of time on [her] feet walking and standing." Even if a jury could find that Neal's 1994 physical evaluation was the best assessment of Neal's physical condition in 2007, no reasonable jury could find that the level of limitation stated in Neal's 1994 physical evaluation as to her ability to sit, stand, and walk is substantial. ORS 659A.139(1); *Sutton v. United Air Lines*, 527 U.S. 471, 491 (1999).[3]

---

[3] Oregon disability discrimination claims are analyzed in the same manner as federal claims under the Americans with Disabilities Act ("ADA"). *Snead v. Metropolitan Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001) *cert. denied*, 534 U.S. 888 (2001); *see also* ORS 659A.139(1) (Oregon's disability discrimination laws "shall be construed to the extent possible in a manner that is consistent with any similar provision of the federal [ADA], as amended.").

The ADA Amendments Act of 2008 ("ADA-AA"), which rejected the Supreme Court's holding in *Sutton v. United Air Lines*, 527 U.S. 471 (1999) that mitigating measures must be considered when evaluating whether an individual is disabled, do not apply retroactively to cases such as this one. *See Becerril v. Pima County Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009).

5

Because we hold that Kraft was entitled to summary judgment on the basis Neal failed to establish a triable issue of fact as to whether she was disabled, we do not reach the question whether Neal failed to engage in the interactive process.

**AFFIRMED.**