FILED

OCT 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS J. HIGLEY, | No. 08-17205 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00412-ECR-RAM |
| v. | |
| RICK'S FLOOR COVERING, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Argued and Submitted October 6, 2010
San Francisco, California

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

Thomas J. Higley appeals the district court's summary judgment in favor of

Rick's Floor Covering, Inc. regarding his discrimination claim under the

Americans with Disabilities Act (ADA). The court held that Higley had not

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

produced sufficient evidence to show that he was disabled as defined by the ADA. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Higley's complaint alleged that he was limited in the daily life activities of "walking, bending, sitting, standing, and being pain free." However, Higley produced no evidence concerning limitations on walking or bending. Further, on appeal Higley does not argue that being pain free is a major life activity. Therefore, we review only whether his ability to sit and stand were substantially limited.

To bring a successful ADA discrimination claim, a plaintiff must first prove that he is disabled as defined by the ADA. *See Braunling v. Countrywide Home Loans, Inc.*, 220 F.3d 1154, 1156 (9th Cir. 2000). A disability is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A) (2006). A substantial limitation means one is "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the . . . average person in the general population . . . ." 29 C.F.R. § 1630.2(j)(1)(ii). Because we hold that Higley failed to meet his burden of proof that his limitation was substantial, we decline to address whether Higley had a physical impairment or whether sitting and standing are major life activities.

"A 'substantial limitation' is not a mere difference in an ability to perform a particular act;" the limitation must in fact be substantial. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 797 (9th Cir. 2001). This inquiry must consider whether a person is still substantially limited after the impairment is corrected or mitigated by medication or other measures. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482-83 (1999), *abrogated by* ADA Amendments Act of 2008 Pub. L. No. 110-325, 122 Stat. 3555.[1] In determining whether a limitation is substantial, we consider the nature and severity of the impairment, its duration, and the permanent or long term impact of the impairment. 29 C.F.R. § 1630.2(j)(2). We address each of these in turn.

1. As to the nature and severity of the impairment, Higley failed to produce evidence sufficient for a jury to determine that he was substantially limited compared to the average person. Higley's only evidence was his own vague deposition testimony that he has "a hard time sitting for long periods" and "barely can stand for a long time." He never explained what a long time was, or whether he was constantly limited or only limited when his back was out. Higley therefore

---

[1] This court has held that the ADA Amendments Act is effective only prospectively, therefore, *Sutton* is still controlling in this case. *Becerril v. Pima County Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009).

offers no authority or evidence on which to base a finding that his restrictions are *significant* restrictions compared to the average person. A mere limitation, without more, is insufficient.

2. As to the duration of Higley's impairment, the record evidences that Higley's back condition is a chronic condition (a herniated disk). When the claimed impairment is a chronic condition, we consider the specific manifestations of the disease relative to the major life activity, rather than the duration of the disease itself. *See Fraser v. Goodale*, 342 F.3d 1032, 1040-41 (9th Cir. 2003). The instances when Higley's back "goes out" requiring treatment are infrequent[2] and brief in duration. Weekly injury reports never show Higley as injured for more than one week at a time. The reported injuries were months apart, and he only received treatment by his chiropractor once between July 2004 and September 2005.

Although Higley's back condition was permanent, evidence shows only an occasional impairment and that treatment alleviated the pain; with treatment his impairment was temporary—after "a few days" or "sometimes up to a week or so"

---

[2] Although Higley claimed that, based on his chiropractor's records, he was injured 21 times at Rick's, he offered no detail about these injuries. He did not indicate which of these injuries were sustained during the relevant period (July 2004–September 2005) as opposed to a previous period of employment. The chiropractic records submitted do not document 21 injuries in this period.

Higley would be "out of pain and back to being [himself]." He could "just put a back brace on and continue working." Even when his back was out, medication was successful in controlling the pain and allowing him to continue to work. Under *Sutton*, we must consider Higley's impairment as mitigated by medical treatment. 527 U.S. at 482-83. The evidence strongly suggests that he was not, in fact, substantially limited in his ability to sit or stand.

3. As to the permanent or long term impact of the impairment, any impact occurred nearly a year after his employment with Rick's. Therefore, that evidence has limited relevance to determining the severity of his limitation while employed at Rick's.

AFFIRMED.