**NOT FOR PUBLICATION**

FILED

OCT 26 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARMEN MELONE, | No. 10-17730 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00868-GWF |
| v. | |
| PAUL EVERT'S RV COUNTRY, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
George W. Foley, Magistrate Judge, Presiding

Argued and Submitted October 12, 2011
San Francisco, California

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Carmen Melone sued his former employer, Paul Evert's RV Country, Inc.,

("Paul Evert's") alleging that his employment was terminated in violation of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Melone

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

underwent a radical prostatectomy to treat his prostate cancer and subsequently had difficulty walking and standing. After a four-day trial, the jury reached a verdict for Melone. The district court subsequently granted judgment as a matter of law in favor of Paul Evert's. The district court concluded that Melone failed to present sufficient evidence that he was *substantially limited* in the major life activities of walking and standing and therefore was not disabled under the ADA. Melone appeals. We have jurisdiction under 28 U.S.C. § 1291.

We review a grant of judgment as a matter of law de novo. *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir. 2002) (en banc). "A jury's verdict must be upheld if it is supported by substantial evidence." *Johnson v. Paradise Valley Unified Sch. Dist.,* 251 F.3d 1222, 1227 (9th Cir. 2001). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Id.*

Melone testified about numerous occasions on which he had difficulties walking and standing. He stated more than once that he "had problems" walking and standing and that walking was painful. "Although the evidence was far from overwhelming and the jury was not compelled to conclude" that Melone was disabled "neither can it be said that the jury's conclusion to that effect was unsupported by substantial evidence." *Id.* at 1229.

2

Melone's testimony focused on his difficulties walking and standing at work. The plaintiff in an ADA case generally cannot rely on evidence that he was restricted in performing activities only related to his job. *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 201–02 (2002).[1] Melone's testimony, however, was sufficient for a reasonable jury to infer that Melone's cancer significantly restricted the manner and duration of his walking outside of work as compared with the average person in the general population. *See* 29 C.F.R. § 1630.2(j)(1) (2007).

REVERSED and REMANDED for entry of judgment in favor of Plaintiff-Appellant Melone in accordance with the jury verdict and the district court's rulings on back pay and front pay.

---

[1] The Americans with Disabilities Amendment Act (ADAA) overturns *Toyota*. *See* Pub. L. No. 110-325, 122 Stat. 3553 (2008), codified at 42 U.S.C. § 12101 *et seq*. The ADAA took effect on January 1, 2009. *Id.* The ADAA does not apply retroactively. *Becerril v. Pima Cnty. Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009) (per curiam). The ADAA therefore does not apply to this case.