**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS BOWER, | No. 11-15632 |
| Plaintiff - Appellant, | DC No. CV 09-3507 |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted July 16, 2012[**]
San Francisco, California

Before:    TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Plaintiff Thomas Bower sued the City and County of San Francisco (the

"City") after he was demoted from his position in the Department of Building

Inspection ("DBI").  Bower claimed that the City had engaged in discrimination

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

and retaliation on the basis of race and religion under Title VII and on the basis of a disability under the Americans with Disabilities Act ("ADA"). Bower appeals the district court's decisions: (1) dismissing his Title VII claims for failure to exhaust the Equal Employment Opportunity Commission ("EEOC") investigation process; and (2) granting summary judgment to the City on his remaining ADA claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the determination that a claim is barred for failure timely to exhaust administrative remedies. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001). We also review a district court's grant of summary judgment de novo. *EEOC v. UPS Supply Chain Solutions*, 620 F.3d 1103, 1110 (9th Cir. 2010). Summary judgment is proper if the materials before the district court demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Because the parties are familiar with the facts of this case, we repeat them here only to the extent necessary to resolve the issues raised on appeal.

1.      The district court did not err in dismissing Bower's Title VII claims, because he failed to exhaust his administrative remedies as to those claims within 300 days of his demotion. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir.

2006). Bower's contention that the 300-day limitations period should be equitably tolled is waived because it was not raised until his reply brief before this Court. *See Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

Bower's race and religion claims were not within the scope of his timely-filed EEOC charge, because those claims were not like or reasonably related to the allegations of ADA discrimination that Bower made in his timely charge, nor were they within the scope of an investigation that reasonably could be expected to grow out of the ADA-based allegations. *See Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). Moreover, Bower's untimely amended EEOC charge, in which he attempted to add his Title VII claims, did not relate back to his timely EEOC charge, because the new Title VII claims arose out of a distinct statutory scheme from his original ADA claims. *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 675 (9th Cir. 1988).

**2.** Bower failed to raise a genuine issue of material fact as to whether he was disabled within the meaning of the ADA at the time of his demotion. Because the allegedly discriminatory actions in this case took place in 2006, the pre-2009 provisions of the ADA apply. *Becerril v. Pima Cnty. Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009).

3

To meet his burden of demonstrating that he was disabled in 2006, Bower had to present evidence of a physical or mental impairment that substantially limited one or more of his major life activities. *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 563 (1999). As was true before the district court, nowhere in his appellate briefs does Bower specify which major life activities he believes were substantially limited by his multiple sclerosis ("MS"). The symptoms of his MS alone did not interfere with any major life activity, as Bower affirmatively stated that he could walk, breathe, talk, hear, see, and learn. In addition, Bower failed to present any evidence that he was significantly restricted in his ability to perform a class or broad range of jobs because of his MS treatment. *See Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 794-95 (9th Cir. 2001), *clarified in other respects*, 292 F.3d 1045 (9th Cir. 2002). We therefore affirm the district court's decision to grant summary judgment to the City on Bower's ADA discrimination claim.

**3.** Bower also failed to establish a prima facie case of ADA retaliation, because there is no evidence in the record that he engaged in any protected activity. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). While he claims that the June 30 rebuttal he submitted to his supervisor, Ron Tom, was an assertion of his right to reasonable accommodations based on his disability, that

4

rebuttal nowhere mentions his MS, nor does it even claim that he had been given a different workload than his peers.  Consequently, the district court did not err in granting summary judgment to the City on Bower's ADA retaliation claim.

**AFFIRMED.**