NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN GLASS,

        Plaintiff-Appellant,

  v.

ASIC NORTH, INC., an Arizona corporation,

        Defendant-Appellee.

No.   20-15636

D.C. No. 2:18-cv-00898-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 5, 2021[**]
Phoenix, Arizona

Before: HAWKINS and BUMATAY, Circuit Judges, and CARDONE,[***] District Judge.

Kevin Glass appeals the district court's decision to grant AsicNorth, Inc.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

summary judgment on his Americans with Disabilities Act (ADA) discrimination and retaliation claims. The parties are familiar with the facts, so we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. Summary judgment is reviewed de novo. *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020). We review evidentiary rulings at the summary judgment stage for abuse of discretion. *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). We affirm.

1.      Glass first argues that the district court abused its discretion in considering the new evidence AsicNorth attached to its reply in support of its motion for summary judgment. But the district court granted Glass leave to file a surreply addressing this new evidence. And a district court does not abuse its discretion when, before considering new evidence attached to a reply brief, it gives the opposing party an opportunity to respond to the new evidence. *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018). As such, the district court did not abuse its discretion when it considered AsicNorth's new evidence at the summary judgment stage. *See id*.; *JG v. Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008).

2.      In the alternative, Glass contends that the district court abused its discretion by refusing to consider the new evidence accompanying his surreply in opposition to AsicNorth's motion for summary judgment. Yet, the district court did not

2

provide AsicNorth with the opportunity to address Glass's new evidence. "Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (internal alteration and citation omitted). Accordingly, Glass's challenge on this front fails. *See id*.

3.      Glass also insists that the district court erroneously concluded that he did not set out a prima facie ADA discrimination claim against AsicNorth based on his carpal tunnel syndrome.

Carpal tunnel syndrome can form the basis of an ADA discrimination claim. *Wellington v. Lyon Cnty. Sch. Dist.*, 187 F.3d 1150, 1154–55 (9th Cir. 1999). However, ADA plaintiffs who rely on carpal tunnel syndrome must provide evidence that the condition substantially limits one or more of their major life activities. *Id.*; *see also Broussard v. Univ. of Cal., at Berkeley*, 192 F.3d 1252, 1254, 1256 (9th Cir. 1999).

Glass alleges that he has carpal tunnel syndrome. His summary judgment evidence included a declaration from Dr. Michael Wilmink, who advised that he had treated "Glass for bone spurs that limit his major life activity of movement." Glass also included his own declaration, in which he stated that he informed AsicNorth that: "I suffer from carpel [sic] tunnel and my arms hurt and that

3

[AsicNorth's] outdated software was requiring me to do a lot of typing."

Dr. Wilmink's declaration cannot help Glass's discrimination claim because it does not discuss carpal tunnel syndrome at all, nor is there any evidence in the record that Glass's bone spurs are connected to his carpal tunnel syndrome.  *See Broussard*, 192 F.3d at 1254, 1256; *Wellington*, 187 F.3d at 1154.  Further, Glass's declaration is not evidence that his carpal tunnel syndrome impairs his typing ability, so it cannot establish a substantial limitation on a major life activity.  *See Becerril v. Pima Cnty. Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009) (indicating that pain, standing alone, is insufficient proof of a substantial limitation on a major life activity); *Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 859 (9th Cir. 2009) (internal alteration and citation omitted) ("To survive summary judgment, an affidavit supporting the existence of a disability must not be merely self-serving and must contain sufficient detail to convey the existence of an impairment.").

Because Glass did not carry his threshold burden of providing evidence that his carpal tunnel syndrome substantially limits at least one of his major life activities, he failed to set out a prima facie ADA discrimination claim against AsicNorth.  For this reason, we affirm the district court's grant of summary judgment on that claim.

4. Glass next maintains that the district court inappropriately granted

4

AsicNorth summary judgment on his ADA retaliation claim. Here, Glass challenges the district court's conclusion that he failed to establish that AsicNorth's non-discriminatory reason for firing him was pretextual.

Plaintiffs who litigate ADA retaliation claims that reach the pretext stage "must produce sufficient evidence to raise a genuine issue of material fact as to whether the employer's proffered non-discriminatory reason is merely a pretext for discrimination." *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). In addition, "circumstantial evidence of pretext must be specific and substantial in order to survive summary judgment." *Brown v. City of Tucson*, 336 F.3d 1181, 1188 (9th Cir. 2003) (internal alteration and citation omitted).

Glass initially argues that the six-week gap between his May 20, 2016, EEOC complaint and his July 1, 2016, termination is sufficient evidence of pretext. But a short window between protected activity and adverse employment actions, without regard to context, cannot by itself establish pretext unless temporal proximity directly rebuts the employer's non-discriminatory reason for acting as it did. *See Curley v. City of N. Las Vegas*, 772 F.3d 629, 634 (9th Cir. 2014) (citing *Hashimoto v. Dalton*, 118 F.3d 671, 680–81 (9th Cir. 1997)). Because this six-week gap does not, standing alone, rebut AsicNorth's non-discriminatory "poor performance" reason for firing Glass, we cannot reverse the district court unless Glass points to other evidence of pretext. *See id.*

5

Glass also cites to his declarations that his job performance at AsicNorth was satisfactory. And when Glass asked a supervisor about a written job performance warning that AsicNorth issued to him, and a performance improvement plan (PIP) that AsicNorth implemented for him, the supervisor told Glass that "he did not agree with it." First, "an employee's subjective personal judgments of [his] competence alone do not raise a genuine issue of material fact." *Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 270 (9th Cir. 1996). Further, the supervisor's statement is vague and unsupported by the rest of the record. Glass provides no details, timing, or context about the supervisor's disagreement with the warning and PIP. And while the timeline of events in this case supports a finding that, for Glass's first ninety days on the job, this supervisor had no problems with Glass's performance, the supervisor learned of Glass's performance issues soon after. Because Glass's statement about the supervisor is vague and devoid of context, and because the record demonstrates the supervisor's changing opinion of Glass's performance, Glass has not set out a basis on which we can justify reversal of the district court here. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497–98 (9th Cir. 2015) (quoting *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

6

Glass's last argument is that AsicNorth's failure to adhere to the performance evaluation process set out in its employee handbook is sufficient evidence of pretext. In Glass's view, although this handbook provides for new employee performance reviews after their first ninety days, AsicNorth "never gave Glass any performance evaluation and simply fired him six months after it hired him." Nevertheless, according to this handbook, AsicNorth's new employees are not automatically entitled to a ninety-day performance review. Also, contrary to Glass's assertion that he never received a performance review, AsicNorth issued him a written warning and put him on a PIP approximately four months after he started with the company. In addition, the record contains evidence that AsicNorth tracked Glass's progress on his PIP on a weekly basis for at least a month and decided to terminate him because he failed to satisfy his PIP objectives. Accordingly, because there is no evidence that AsicNorth deviated from its performance review process with respect to Glass, his arguments on this point cannot justify a reversal of the district court's ruling that he failed to establish pretext in this case.

Since Glass failed to provide specific and substantial circumstantial evidence capable of creating a genuine issue of material fact on whether AsicNorth's "poor performance" reason for firing him was pretextual, we affirm summary judgment on Glass's ADA retaliation claim. *Lawler v. Montblanc N. Am. L.L.C.*, 704 F.3d

7

1235, 1244 (9th Cir. 2013) (affirming summary judgment on pretext because the plaintiff's proffered evidence consisted of temporal proximity and little else).

Further, Glass's Opening Brief mentions in passing his appeal of the district court's orders on Glass's post-judgment motions. But Glass makes no specific arguments regarding the district court's denial of his post-judgment motions for relief. "Arguments not raised by a party in its opening brief are deemed waived." *Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)).

**AFFIRMED**.